UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Allen Pyron, | Case No. 25-cv-1059 (KMM/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Shireen Gandhi, et al., | |
| Defendants. | |

Plaintiff Allen Pyron is a civil detainee of the Minnesota Sex Offender Program ("MSOP"). Defendants are various officials associated with MSOP, whom Mr. Pyron is suing because they imposed a one-year media ban against him and confiscated his DVD collection. (*See generally* ECF No. 1.)

This matter is before the Court on the parties' *Joint Motion Regarding Continued Sealing* (ECF No. 37) ("Motion"). The Motion seeks to permanently seal documents that Defendants filed under temporary seal in connection with their Motion to Dismiss (ECF No. 10). (ECF No. 37 at 1.) These documents include Defendants' memorandum of law in support of their Motion to Dismiss (ECF No. 12) and two exhibits (ECF Nos. 15, 20) (collectively, "Exhibits") referenced in that memorandum. For the reasons given below, the Court denies the sealing Motion.

"There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013). "[A]ll documents properly filed by a litigant seeking a judicial decision are judicial records and entitled to a presumption of public access." *Marden's Ark, Inc. v. UnitedHealth Group, Inc.*, 534 F. Supp. 3d 1038, 1045 (D. Minn. 2021); *see also* Local Rule 5.6, 2017 Advisory Committee Note ("[T]he public does have a qualified right of access to information that is filed with the court. Even if such information is covered by a protective order,

that information should not be kept under seal unless a judge determines that a party or nonparty's need for confidentiality outweighs the public's right of access."). "This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings …." *IDT Corp.*, 709 F.3d at 1222 (quotation and citation omitted). It also provides a measure of accountability to the public at large, which pays for the courts. *Id.* (citation omitted).

However, the "right to inspect and copy judicial records is not absolute." *Id.* at 1222 (quoting *Nixon v. Warner*, 435 U.S. 589, 597–98 (1978)). "[T]he weight to be given to the presumption of [public] access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *Id.* at 1224. When the documents at issue play a material role in the exercise of Article III power or are of value to those monitoring the federal courts, "the presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018). In contrast, when the documents at issue do not play a material role in the exercise of Article III power or are of little value to those monitoring the courts, the presumption of public access instead "amounts to … a prediction of public access absent a countervailing reason." *IDT Corp.*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

The undersigned Magistrate Judge relied on all the documents the parties wish to keep sealed in preparing the Report and Recommendation on Defendants' Motion to Dismiss (ECF No. 38) and expects the District Judge will rely on those same materials in deciding whether to adopt the Report and Recommendation. Therefore, these documents will play a material role in the exercise of Article III power, and the parties must present a compelling reason for keeping them

under seal that is adequate to overcome the presumption of public access. *See Flynt*, 885 F.3d at 511.

The parties argue these documents should be sealed because they "contain[] information on an MSOP client which is not public data on individuals under the Minnesota Governmental Data Practices Act ["MGDPA"], Minn. Stat § 13.46, subd. 2(a)." (ECF No. 37 at 3-4.) But the MGDPA itself allows disclosure in response to court orders: "Data on individuals collected, maintained, used or disseminated by [Direct Care and Treatment][1] are private data on individuals, and shall not be disclosed except … according to court order." Minn. Stat. § 13.46, subd. 2(a). "In addition, such a statutory classification does not automatically merit an order sealing judicial proceedings." *Kasso v. City of Minneapolis*, No. 23-cv-2782 (KMM/TNL), 2024 WL 4635316, at *2 (D. Minn. Oct. 31, 2024) (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1185 (9th Cir. 2006)).

The Court concludes Defendants' memorandum of law (ECF No. 12) does not warrant continued sealing. This document is central to the Court's decision-making process and the public's understanding of its decision. *See IDT Corp.*, 709 F.3d at 1222 ("This right of access … allow[s] citizens to evaluate the reasonableness and fairness of judicial proceedings."). To hold that legal arguments regarding MSOP detainees should be kept confidential because they are designated as non-public under the MGDPA would unacceptably obfuscate public access to court decision-making not only in this case, but in all MSOP cases. *See id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)) ("This right of access … allow[s] citizens … 'to keep a watchful eye on the workings of public agencies.'").

---

[1] Direct Care and Treatment is the government entity responsible for managing MSOP. *See* Minn. Stat. § 246C.13.

The Court reaches the same conclusion concerning the Exhibits. The Complaint, Defendants' memorandum of law, and the Court's Report and Recommendation almost entirely reveal the contents of these documents. (*See* ECF No. 1 at 6-9; ECF No. 12 at 3-6; ECF No. 38.) Moreover, the parties filed similar exhibits without attempting to seal them. (*See* ECF No. 33-1, unsealed incident reports filed in support of Mr. Pyron's brief in opposition to Defendants' motion to dismiss.) Since sealing the Exhibits at issue here would impede the public's ability to evaluate the Court's decision without protecting any significant information that would otherwise be private, the Court is unpersuaded that the Exhibits should remain under seal. *See United States v. All Assets Held at Bank Julius Baer & Co., Ltd.*, 520 F. Supp. 3d 71, 84-85 (D.D.C. 2020) (denying motion to seal unredacted deposition testimony partly because information was already public knowledge). For these reasons, the Court denies the Motion.[2]

## ORDER

Based on the foregoing, and on all the files, records, and proceedings here, **IT IS HEREBY ORDERED THAT**:

1. The parties' *Joint Motion Regarding Continued Sealing* (ECF No. 37) is **DENIED**;

2. The Clerk of Court is directed to **UNSEAL** the following documents 21 days after the date of this Order, notwithstanding the parties' requests for continued sealing, unless a timely motion for further consideration is filed pursuant to Local Rule 5.6(f): ECF Nos. 12, 15 and 20.

Dated:  December 30, 2025

*s/ Dulce J. Foster*
Dulce J. Foster
United States Magistrate Judge

---

[2] Under Local Rule 5.6, the parties may request further consideration if a legitimate basis for continued sealing or redaction exists.