## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Allen Pyron,

       Case No. 25-cv-1059 (KMM/DJF)

    Plaintiff,

v.

              **ORDER**

Shireen Gandhi, *in her official capacity*,
Jodi Harpstead, *in her individual capacity*,
Nancy Johnston, Ann Linkert-Kohornen,
Charles Fai, Phil Olson,
Terrance Kneisel, Cory Vargason,
Matthew Sarberg, Jordan Goodman,
Douglas Latuseck, Lesli Norsted,
Hugh Aylward, Allen Garber,
and Paul Mayfield,

    Defendants.

   This matter is before the Court on behalf of Plaintiff Allen Pyron's Objections

(Dkt. 40) to the Report and Recommendation ("R&R") of U.S. Magistrate Judge Dulce J.

Foster (Dkt. 38). For the following reasons, Mr. Pyron's Objections are overruled, the R&R

is adopted, and the Complaint is dismissed.

   Mr. Pyron is currently a "client"[1] of the Minnesota Sex Offender Program

("MSOP") and held in Moose Lake, Minnesota. (Dkt. 1 ¶ 4.) He initiated this lawsuit on

March 21, 2025 alleging that several individuals involved with running MSOP violated his

constitutional rights and agency policy and procedure by confiscating his collection of

---

[1] MSOP's "clients" at the Moose Lake facility are involuntarily committed and detained.

DVDs and subjecting him to a one-year media ban. (*See generally id.*) Specifically, his Complaint asserts three 42 U.S.C. § 1983 claims for violations of his Fourteenth Amendment rights; a claim for "Violations of Agency Rules and Procedures"; and a final claim for "Deliberate Indifference." (*Id.* ¶¶ 34–48.) Defendants then filed a Motion to Dismiss the Complaint. (Dkt. 10.) On December 30, 2025, Judge Foster issued an R&R recommending that Defendants' Motion to Dismiss be granted and Mr. Pyron's Complaint be dismissed. (Dkt. 38.) Mr. Pyron filed his Objections on January 26, 2026 challenging each of the R&R's conclusions. (Dkt. 40.)[2]

The Court reviews de novo any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). District courts "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Based on the Court's careful review of the R&R and the record in this case, Judge Foster committed no error, and the Court accepts the R&R in full.

One issue raised by Mr. Pyron deserves further discussion, specifically his argument that Defendants' confiscation of his DVDs violated his procedural due process rights. (Dkt. 40 at 4.) To establish a procedural due process violation, Mr. Pyron must show that he (1) had a protected interest, and (2) was deprived of it without due process of law. *Ingraham*

---

[2] Objections to Judge Foster's R&R were due on or before January 13, 2026. *See* D. Minn. LR 72.2(a)(1) (setting a 14-day objections period). Mr. Pyron moves for the Court to accept his late Objections which were caused, in part, by mail processing delays at MSOP. (Dkt. 41.) That Motion is granted, and the Court considers the Objections as timely filed.

*v. Wright*, 430 U.S. 651, 672 (1977). But Mr. Pyron's DVD collection does not constitute a property interest protected by the Fourteenth Amendment because his "personal property rights may be reasonably constrained in accordance with MSOP's therapeutic or policy considerations." *Dean v. Johnston*, No. 19-cv-3186 (JRT/LIB), 2021 WL 3667265, at *4 (D. Minn. Aug. 18, 2021); *see id.* (holding that an MSOP client did not have a property interest in an Xbox); *Beaulieu v. Ludeman*, No. 07-cv-1535 (JMR/JSM), 2008 WL 2498241, at *16–17 (D. Minn. June 18, 2008) (Order adopting R&R) (same as to televisions); *Perseke v. Moser*, No. 19-cv-1296 (PAM/DTS), 2021 WL 3726208, at *3 (D. Minn. Aug. 23, 2021) ("[Plaintiff] has no constitutionally protected interest in possessing property that MSOP policies do not allow him to possess.") (citing *Lyon v. Farrier*, 730 F.2d 525, 527 (8th Cir. 1984)). Without a protected interest, there is no due process violation.

The Court adopts the recommendation of Judge Foster and dismisses this case in full. As amendment of the Complaint would be futile, Mr. Pyron's federal claims are dismissed with prejudice. *See Hillesheim v. Myron's Cards & Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018) (stating that an amendment is futile where it could not survive a Rule 12(b)(6) motion to dismiss). Having found no federal claims that survive the motion to dismiss, the Court declines to exercise supplemental jurisdiction over the state law claim in Count 4 of the Complaint. *See* 28 U.S.C. § 1367(c).

Based on the above, **IT IS HEREBY ORDERED that:**

1. Plaintiff's Objections to the Report and Recommendation (Dkt. 40) are **OVERRULED**;

2.  The Magistrate Judge's Report and Recommendation (Dkt. 38) is **ACCEPTED**; and

3.  Plaintiff's Complaint (Dkt. 1) is **DISMISSED**. Claims 1, 2, 3, and 5 are **DISMISSED with prejudice**, and Claim 4 is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1367(c).

**Let Judgment be Entered Accordingly.**


Date: March 11, 2026                                    *s/Katherine M. Menendez*
                                                        Katherine M. Menendez
                                                        United States District Judge

4